BENSON LEE, ESQ.
NV State Bar No: 004313
BENSON LEE AND ASSOCIATES
2000 So. Eastern Avenue
Las Vegas, Nevada 89104
Telephone: (702) 477-7030
Fax: (702) 477-0096
Email: bensonlee@aol.com
Attorney for Plaintiffs
VICTORIA MURNANE and MELISSA DAVIS

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTORIA MURNANE, MELISSA DAVIS, Nevada Residents<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the State of Nevada., OFFICER JOHN NORMAN, individually and in his official capacities as a police officer employed by the Las Vegas Metropolitan Police Dept; DOES OFFICERS I-XX; and ROES I-X.<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, VICTORIA MURNANE ("Victoria") and MELISSA DAVIS ("Melissa"), collectively referred to as "Plaintiffs", by and through their attorney of record, BENSON LEE, ESQ., of the law firm of BENSON LEE & ASSOCIATES., hereby complaints against LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("Metro") and OFFICER JOHN NORMAN ("Officer Norman" or "Norman") as follows:

### NATURE OF THE CASE

This is a civil rights and excessive force action arising under both federal and state law for damages resulting from the unnecessary use of improper force, coercion in the arrest and seizure of plaintiffs, Victoria and Melissa, by a Las Vegas Metropolitan Police Department ("Metro" Officer(s) in Clark County, state of Nevada. Plaintiffs, and each of them, alleged they

were victims of a common plan and scheme perpetrated by Officer Norman where the victims were coerced and forced to manipulate their bars and/or breasts while Officer Norman was acting in the course and scope of his employment as a uniformed officer of Metro in a marked, patrol vehicle. Upon information and belief, Officer Norman implement his common plan and scheme on or about between June 23, 2011 and December 28, 2011. Plaintiffs allege Defendant Metro, Does Officers I-XX and Roes I-X were negligent in the hiring, prevention, training, investigation and/or enforcement resulting the victimizing of Plaintiffs, and each of them.

## DEMAND FOR JURY TRIAL

1. Plaintiffs demands a jury trial.

## 1JURISDICTION

### (Federal Causes of Action)

2. This action is brought by plaintiffs pursuant to 42 U.S.C. Sections 1983, 1985 (3), 1988 and/or the provisions of the U.S. Constitution, including the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1331, 1343 and the Fourth and Fourteen Amendments to the U.S. Constitution.

3. This action is also brought by plaintiffs to seek redress against Officer Norman, individually, for acts violating plaintiffs' constitutional rights and committed while acting under color of laws of the state of Nevada and the policies, practices and procedures of Does Officers I-XX, ROES I-X and METRO, a political subdivision of the State of Nevada pursuant to the Nevada Revised Statutes

### (State Causes of Action)

4. Jurisdiction for the excess force and tort claims under the statutes of the State of Nevada is conferred upon this Court by the doctrine of pendent jurisdiction pursuant to 28 U.S.C. Section 1367 and Article I, Section 18 of the Nevada Constitution.

## VENUE

5. Venue is proper in the District of Nevada pursuant to 28 U.S.C. Section 1391 (b) as the claims arose in this district.

## PARTIES

6. Plaintiff Victoria is a white, unmarried, resident of Clark County, State of Nevada.

7. Plaintiff, Melissa, is a black, married resident of Clark County, State of Nevada and is the wife of Robin Davis.

8. Metro is a legal entity for the purposes of 42 U.S.C. 1983. Metro is responsible for the enforcement of law and the protection of citizenry of the City of Las Vegas and Clark County, Nevada. Metro and ROES are also responsible for the training, hiring, control and supervision of all its officers and unofficial policies. At all times relevant to this Complaint, Metro employed, contracted and/or controlled all the individually named defendants.

9. Defendants DOES OFFICERS I-XX, inclusive, are unknown individual members of Metro who assisted in, participated in, facilitated, permitted or allowed the violation of plaintiff's civil rights and/or the use of excess force against plaintiff and/or are supervisory and/or policy making officials of Metro as yet unidentified who have adopted, implemented, maintained or tolerated policies which permitted, facilitated or allowed the violation of plaintiff's civil rights or who have negligently trained, hired or supervised officers, agents or employees of Metro. They are sued individually and in their official capacities as police officers employed by defendant Metro. Plaintiff will ask leave of this Court to insert the true names and capacities of such defendants when the same has been ascertained and will further ask leave to join said defendants in these proceedings.

10. Defendant ROES I-X are unknown public, business and/or governmental entities who are involved in the training, hiring, control and supervision of defendants. Plaintiffs will ask leave of court to amend this complaint to add ROES I-X. Plaintiffs will ask leave of this Court to insert the true names and capacities of such defendants when the same has been ascertained and will further ask leave to join said defendants in these proceedings.

## GENERAL ALLEGATIONS

11. Plaintiffs, and each of them are residents of Clark County, state of Nevada.

12. Officer Norman is a resident of Clark County, state of Nevada.

13. At times relevant, Officer Norman is and was a police officer and employee of Metro,

Page 3 of 12

1  and, upon information and belief and at all times relevant, was acting in his capacity as an agent,
2  servant and employee of Metro, DOES OFFICERS and/or ROES.

3        14. All acts of Officer Norman occurred within Clark County, state of Nevada and the
4  other defendants occurred within Clark County, state of Nevada upon information and belief.

5        15. That the intentional, illegal acts committed by Officer Norman against Plaintiff
6  Victoria occurred on or about the 28th day of December, 2011 in Clark County, Nevada.

7        16. That the intentional, illegal acts committed by Officer Norman against Plaintiff
8  Melissa occurred on or about August 19, 2011 in Clark County, Nevada

9        17. That upon information and belief, Officer Norman coerced, assaulted and/or battered
10 other victims, including Rebecca Portillo ("Rebecca") by coercing and forcing her to manipulate
11 her bar and/or breasts and/or forcing Rebecca to remain in Norman's police car on or about June
12 23, 2011.

13       18. That the criminal acts of Officer Norman was the subject matter of Justice Court case
14 no. 12F01681X and District Court case C-12-282218-1, Clark County, Nevada.

15       19. That on or about June 25, 2012, Officer Norman entered into a Guilty Plea
16 Agreement before the District Court in case C-12-282218-1 where Officer Norman plead guilty
17 to one count of Oppression Under Color of Office (Gross Misdemeanor) and one count of Open
18 or Gross Lewdness (Gross Misdemeanor) for crimes committed against Plaintiffs Victoria,
19 Melissa and Rebecca.

20       20. That on or about January 17, 2013, Officer Norman was sentenced by District Court
21 Judge Abbi Silver, Dept. 15 to two (2), one-year sentences, consecutively, at the Clark County
22 Detention Center, located at 330 S. Casino Center Blvd., Las Vegas, Nevada 89101 where
23 Officer Norman is currently detained.

24       **FIRST CAUSE OF ACTION: LEWDNESS, ASSAULT, COERCION AND**
25                                        **BATTERY**
26                    **(VICTORIA MURNANE AND MELISSA DAVIS)**

27       21. Plaintiffs Victoria and Melissa repeats and realleges paragraphs 1-20 as though and
28 incorporates them by reference as though set out herein in full.

22. This Cause of Action is brought by plaintiffs, Victoria and Melissa, and each of them, against Officer Norman for lewdness, assault, coercion and/or battery.

23. That on or about December 28, 2011, Officer Norman, inappropriately, improperly, illegally coerced, forced, inveigled, battered and/or assaulted Victoria, under color of office, and had her manipulate her bra and/or breasts to Officer Norman; that Officer Norman bare-handedly, without the use of gloves, touched, battered and/or groped Victoria's breast(s) during a traffic stop occurring in the vicinity of Tropicana Avenue and Spencer Street in Las Vegas, Clark County, Nevada.

24. That on or about August 19, 2011, Officer Norman, inappropriately, improperly, illegally coerced, forced, inveigled, battered and/or assaulted Melissa under color of office to expose manipulate her bra and/or breasts to Norman during a traffic stop occurring in the vicinity of Tropicana Avenue and Spencer Street in Las Vegas, Clark County, Nevada.

25. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Officer Norman, Victoria and Melissa, and each of them, sustained prolonged, depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical and mental expenses; and was prevented from transacting their usual business and/or enjoyment.

26. During said 12/28/2011 and 8/19/2011 incidents, Defendant Norman acted under color of office or law in assaulting, coercing and/or battering Victoria and Melissa, respectively, without lawful justification and did so with open or gross lewdness conduct.

27. That as a direct and proximate result of the above-mentioned intentional, unconstitutional and illegal acts of Norman, Victoria and Melissa, and each of them, sustained residual physical and/or psychological depression and/or disabilities, the amount of which is now unknown and plaintiffs Victoria and Melissa, and each of them, will seek a leave of court and amend their pleading when known or provide proof thereof at the time of trial.

28. Plaintiffs, Victoria and Melissa, and each of them, were well and able-bodied women before the incidents of December 28, 2011 and August 19, 2011, respectively.

29. That as a direct and proximate result of the mentioned unconstitutional and/or illegal

acts stated herein, Victoria and Melissa, and each of them have been absent or lost time from their employment and/or were unable to pursue, seek and/or follow employment opportunities, all of which has resulted in a loss of earnings, loss of earning capacity, in an amount unknown to them, and each of them, at the present time. When the amount of said damages is ascertained by Plaintiffs, and each of them, each will seek leave of the court to amend this Complaint accordingly to show such damages.

### SECOND CAUSE OF ACTION: VIOLATIONS OF CIVIL RIGHTS TO LIFE AND SECURITY OF PERSONS, 42 U.S.C, Section 1983.

### (VICTORIA MURNANE AND MELISSA DAVIS)

30. Plaintiffs Victoria and Mellissa repeats and realleges paragraphs 1-29 as though and incorporates them by reference as though set out herein in full.

31. This Cause of Action is brought by Victoria and Melissa, and each of them, against Defendants, and each of them, for deprivation of constitutional rights within the meaning of 42 U.S.C. Section 1983; that Defendant Norman subjected Plaintiffs, Victoria and Melissa, to coercion, excessive or illegal force, battery and/or lewdness, therefore depriving Victoria and Melissa of certain constitutionally protected rights, including, but not limited to:

    a.     The right not to be deprived of life or liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

    b.     The right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

    c.     The right to be free from use of excessive use of force by law enforcement officers as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

    d.     The right to be free from pre-conviction punishment as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

32. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Officer Norman, Victoria and Melissa, and each of them, sustained prolonged, depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical and mental expenses; and was prevented from transacting their usual business and/or enjoyment.

33. That as a direct and proximate result of the above-mentioned unconstitutional acts of Officer Norman, Victoria and Melissa, and each of them, sustained residual physical and/or psychological depression and/or disabilities, the amount of which is now unknown and plaintiffs Victoria and Melissa, and each of them, will seek a leave of court and amend this pleading when known or provide proof thereof at the time of trial.

### THIRD CAUSE OF ACTION: NEGLIGENCE
### (VICTORIA MURNANE AND MELISSA DAVIS)

34. Plaintiff repeats and realleges paragraphs 1-33 as though and incorporates them by reference as though set out herein in full.

35. At all times mentioned herein, defendants, and each of them, were subject to a duty of care to avoid causing unnecessary or unreasonable physical harm and distress to the citizens in the exercise of the police function. That the conduct of the defendants, and each of them, as set forth herein did not comply with the standards of care to be exercised by reasonable police officers, thus, the defendants, and each of them, breached their duty of care in the handling of persons during civil interactions.

36. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Officer Norman, Plaintiffs, Victoria and Melissa, and each of them, sustained prolonged, depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical and mental expenses; and was prevented from transacting their usual business and/or enjoyment.

37. That as a direct and proximate result of the above-mentioned unconstitutional acts of Officer Norman, Plaintiffs, Victoria and Melissa, and each of them, sustained residual physical and/or psychological depression and/or disabilities, the amount of which is now unknown and plaintiffs, Victoria and Melissa, and each of them, will seek a leave of court and amend this pleading when known or provide proof thereof at the time of trial.

# FOURTH CAUSE OF ACTION: VIOLATION OF PLAINTIFF'S CIVIL RIGHTS
## MUNICIPAL LIABILITY, 42 U.S.C. SECTION 1983.
### (VICTORIA MURNANE AND MELISSA DAVIS)

38. Plaintiffs Victoria and Melissa, repeats and realleges paragraphs 1-37 as though and incorporates them by reference as though set out herein in full.

39. Plaintiffs, Victoria and Melissa, and each of them, further alleges, upon information and belief, that it is the policy, practice and custom of Metro to tolerate and ratify the use of excessive, unreasonable and improper force by its officers.

40. Plaintiffs Victoria and Melissa also alleges, upon information and belief, that it is the policy, practice and custom of Metro to negligently hire, train and supervise its officers, agents and employees.

41. That the wrong and unlawful acts perpetrated by the defendants, and each of them, in intentionally disregarding the constitutional rights of the Victoria were willful, oppressive, malicious and with wanton disregard for the established rights of the Victoria.

42. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Officer Norman, Victoria and Melissa, and each of them, sustained prolonged, depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical and mental expenses; and was prevented from transacting their usual business and/or enjoyment.

43. That as a direct and proximate result of the above-mentioned unconstitutional acts of Officer Norman, Plaintiffs, Victoria and Melissa, and each of them, sustained residual physical and/or psychological depression and/or disabilities, the amount of which is now unknown and plaintiffs Victoria and Melissa, and each of them, will seek a leave of court and amend this pleading when known or provide proof thereof at the time of trial.

# FIFTH CAUSE OF ACTION: VIOLATION OF STATE CIVIL RIGHTS
## (VICTORIA MURNANE AND MELISSA DAVIS)

44. Plaintiffs, Victoria and Melissa, repeats and realleges paragraphs 1-43 as though and incorporates them by reference as though set out herein in full.

45. This Cause of Action is brought by Victoria and Melissa, against defendant Metro for the interference by its agents, servants, or employees, Norman, of constitutional and statutory rights within the meaning of Article I, section 8 and 18 of the Constitution of the State of Nevada against unreasonable seizures and arrest.

46. That the wrong and unlawful acts perpetrated by defendants, and each of them, in intentional disregarding the constitutional rights of Victoria and Melissa, were willful, oppressive, malicious and with wanton disregard for the established rights of Victoria.

47. As a direct and proximate result of the above-mentioned unconstitutional and illegal Acts of Officer Norman, Victoria and Melissa, and each of them, sustained prolonged, depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical and mental expenses; and was prevented from transacting their usual business and/or enjoyment.

48. That as a direct and proximate result of the above-mentioned unconstitutional acts of Officer Norman, Victoria and Melissa, and each of them, sustained residual physical and/or psychological depression and/or disabilities, the amount of which is now unknown and plaintiffs Victoria and Melissa, and each of them, will seek a leave of court and amend this pleading when known or provide proof thereof at the time of trial.

49. As a direct and proximate result of defendants as herein alleged, Victoria and Melissa, and each of them, have been damaged in an amount in excess of $10,000.00 each, the exact amount to be proven at trial.

### SIXTH CAUSE OF ACTION: CONSPIRACY
### (VICTORIA MURNANE AND MELISSA DAVIS)

50. Plaintiff Victoria and Melissa, and each of them, repeat and reallege paragraphs 1-49 as though and incorporates them by reference as though set out herein in full.

51. That Victoria and Melissa are a members of a protected sexual class, to wit: women.

52. That defendants, and each of them, conspired and/or acted in concert to violate the civil rights of Victoria and Melissa, and each of them, by the intentional, reckless and/or negligent acts herein described, including, but not limited to the following:

    a.    To violate Victoria's and Melissa's civil rights pursuant to 42 U.S.C. 1981 and 1983;

    b.    To use coercion and/or excessive force on the Victoria and Melissa with open and gross lewdness.

    c.    To subject the Victoria and Melissa, and each of them, to cruel and unusual punishment in the deliberate indifference to their serious medical or mental needs.

    d.    To assault, coerce and/or batter Victoria and Melissa, and each of them..

    e.    To cause intentional infliction of emotional distress.

    f.    To deny Victoria and Melissa, and each of them, to the unequal protection of the laws based upon their sex, racial origin and/or ancestry.

53. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Officer Norman, Victoria and Melissa, and each of them, sustained prolonged, depression, embarrassment, anxiety, severe mental or physical pain and/or anguish of mind; incurred substantial medical and mental expenses; and was prevented from transacting their usual business and/or enjoyment.

54. That as a direct and proximate result of the above-mentioned unconstitutional acts of Officer Norman, Plaintiffs Victoria and Melissa, and each of them, sustained residual physical and/or psychological depression and/or disabilities, the amount of which is now unknown and plaintiffs Victoria and Melissa, and each of them, will seek a leave of court and amend their pleading when known or provide proof thereof at the time of trial.

### SEVENTH CAUSE OF ACTION
### (ATTORNEY FEES AND COSTS)

55. Plaintiffs, and each of them, repeat and reallege paragraphs 1-54 as though and incorporates them by reference as though set out herein in full.

56. That Plaintiffs, and each of them, have had to retain an attorney to prosecute this

matter and has incurred attorney fees and costs and should be entitled to reimbursement thereof, including prejudgment interest pursuant to U.S.C. Section 1983 and all relevant Nevada Revised Statutes regarding the state claims.

WHEREFORE, Plaintiffs, and each of them, prays for judgment as follows:

As to the Federal Claims:

1. For compensatory damages in the amount of $1,000,000 or more.

2. For punitive damages against Officer NORMAN in the amount of $1,000,000 or for each Plaintiff.

3. For punitive damages against the defendant DOES officers in an amount deemed appropriate by this Court to punish them for their wrongful conduct and set an example to deter further police misconduct in the amount of $1,000,000 or more.

4. For reasonable attorney fees pursuant to 42 U.S.C. Section 1983 or state laws.

5. For the costs of suit incurred herein; and

6. For such other and further relief as this Court deems just and proper.

As to the State Claims:

1. For compensatory damages in an amount in excess of $10,000.00.

2. For punitive damages against all defendant officers in an amount deemed appropriate by this Court to punish them for their wrongful conduct and set an example to deter further police misconduct in excess of $10,000.00.

3. For an award of Plaintiffs' reasonable attorney fees and costs of suit incurred.

4. For prejudgment interest.

5. For such other and further relief as this Court deems just and proper.

DATED this __19th__ day of June, 2013.

        /s/   Benson Lee
BENSON LEE, ESQ. (NSB 4343)
2000 So. Eastern Avenue
Las Vegas, Nevada 89104
Telephone: (702) 477.7030
Facsimile: (702) 477.0096
bensonlee@aol.com
Attorneys for Plaintiffs

BENSON LEE & ASSOCIATRES
2000 SO. EASTERN AVENUE
LAS VEGAS, NEVADA 89104
TEL – (702) 477.7030; FAX – (702) 477.0096