1  **Marquis Aurbach Coffing**
   Craig R. Anderson, Esq.
2  Nevada Bar No. 6882
   Tye S. Hanseen, Esq.
3  Nevada Bar No. 10365
   10001 Park Run Drive
4  Las Vegas, Nevada 89145
   Telephone: (702) 382-0711
5  Facsimile: (702) 382-5816
   canderson@maclaw.com
6  thanseen@maclaw.com
   *Attorneys for Las Vegas Metropolitan*
7  *Police Department and Sheriff Gillespie*

8

### UNITED STATES DISTRICT COURT

9
### DISTRICT OF NEVADA

10

11  VICTORIA MURNANE, MELISSA DAVIS,

                    Plaintiffs,              Case No.:       2:13-cv-01088-MMD-PAL
12
           vs.
13
    LAS VEGAS METROPOLITAN POLICE
14  DEPARTMENT; SHERIFF DOUGLAS
    GILLESPIE (individually and in his official
15  capacity as Sheriff of the Las Vegas Metropolitan
    Police Department); FORMER LAS VEGAS
16  METROPOLITAN POLICE DEPARTMENT
    OFFICER JOHN NORMAN (individually).
17
                    Defendants.
18

19                  **STIPULATED PROTECTIVE ORDER**

20       Plaintiffs (Victoria Murnane and Melissa Davis) and Defendants (the Las Vegas

21  Metropolitan Police Department, Sheriff Douglas Gillespie and John Norman) hereby stipulate

22  and request that the Court enter a mutual protective order pursuant to Rule 26 of the Federal

23  Rules of Civil Procedure as follows:

24       IT IS HEREBY STIPULATED AND AGREED THAT:

25                  **TERMS OF PROTECTIVE ORDER**

26  I.    **DEFINITIONS**

27       The following definitions apply to the Protective Order:

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1.    <u>Party</u>.  Any party to this action, including all of its officers, directors, employees, consultants, experts, and outside counsel.

2.    <u>Disclosure or Discovery Material</u>.  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.    <u>"Confidential" Information or Items</u>.  Information (regardless of how generated, stored or maintained) or tangible things meriting special protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Under no circumstance does Confidential Information include information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain through no fault of the Receiving Party; (c) the Receiving Party can show was in its rightful and lawful possession at the time of disclosure; or (d) the Receiving Party lawfully receives from a Non-party later without restriction as to disclosure.

4.    <u>Receiving Party</u>.  A Party that receives Disclosure or Discovery Material or Confidential Information from a Producing Party.

5.    <u>Producing Party</u>.  A Party or third-party that produces Disclosure or Discovery Material or Confidential Information in this action.

6.    <u>Designating Party</u>.  A Party or third-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

7.    <u>Challenging Party</u>: a party that elects to initiate a challenge to a Designating Party's confidentiality designation.

8.    <u>Protected Material</u>.  Any Disclosure or Discovery Material or Confidential Information that is designated as "Confidential."

9.    <u>Outside Counsel</u>.  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

10.    <u>House Counsel</u>.  Attorneys who are employees of a Party.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

11. <u>Counsel</u> (without qualifier).  Outside Counsel and House Counsel (as well as their support staffs).

12. <u>Expert</u>.  A person with specialized knowledge or experience in a matter pertinent to the litigation retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

13. <u>Professional Vendor</u>.  Person or entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and its employees and subcontractors.

14. <u>Confidentiality Log</u>. A Confidentiality Log (Exhibit A) must accompany any production of documents designated as "Confidential" that includes the Bates numbers of the documents designated (or the portions thereof) as "Confidential" and the basis for doing so. Each Producing Party shall keep this log cumulatively and re-produce it every time they designate something as "Confidential" so that it is a cumulative record of what the party has marked "Confidential."

15. The use of the singular form of any word includes the plural, and vice versa.

## TERMS OF PROTECTIVE ORDER

### II.  SCOPE

The protection conferred by this Protective Order covers not only Protected Material, but also any information copied or extracted therefrom, as well as all copies excerpts, summaries, or compilations thereof, testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

### III.  DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## IV.    DESIGNATING PROTECTED MATERIAL

1.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided herein, or as otherwise ordered, material that qualifies for protection under this Order must be clearly designated before it is disclosed or produced.  Designations in conformity with this Order require:

a.    For information in documentary form, the Producing Party shall affix the legend "Confidential" on each page that contains Protected Material.  A Designating Party Must exercise restraint and make good faith efforts to limit confidential designations to specific materials that qualify for protection under the appropriate standard.  Further, a Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate makings in the margins or redacting protected portions).

b.    A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins or by redacting protected portions).

c.    A Confidentiality Log must accompany any production of Protected Material that includes the Bates numbers of the documents designated (or the portions thereof) as "Confidential" and the basis for doing so.  A certification by the reviewing attorney shall be made concurrently with

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

the disclosure of the document using the form attached hereto as Exhibit A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure, and shall be accompanied by a Confidentiality Log in the form included at Exhibit A.  If an unrepresented Non-party is a Producing Party and desires to designate documents as Confidential as a Designating Party, a certification need not be executed but a Confidentiality Log of all confidential designations still must be provided.

      d.    For testimony given in deposition or in other pretrial or trial proceedings, before the close of the deposition, hearing, or other proceeding, a Designating Party  may identify on the record all protected testimony and further specify any portions of the testimony that qualify as "Confidential."  When it is impractical to identify separately each portion of testimony that is entitled to protection, a Designating Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to ten (10) business days after receiving the transcript from the court reporter to identify the specific portions or the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection under the standards set forth herein within the ten (10) business days shall be covered by the provisions of this Protective Order.  Upon request of a Designating Party, transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.  Such designation shall be specific as to the portions to be protected and, if made by a Designating Party, shall be accompanied with a certification and log on the form attached hereto as Exhibit A.  A Designating Party must exercise restraint and make good faith efforts to limit "Confidential" designations to specific materials that qualify for protection under the appropriate standards.

      e.    For information produced in some form other than documentary, and for any other tangible items, the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions. Such designation shall be specific as to the portions to be protected and, if made by

a Party, shall be accompanied with a certification and log on the form attached hereto as Exhibit A.

2.    <u>Inadvertent Failure to Designate</u>.  Inadvertent failure to identify documents or things as "Confidential" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Designating Party discovers that information should have been but was not designated "Confidential" or if the Designating Party receives notice that would enable the Designating Party to learn that it has disclosed such information, the Designating Party must immediately notify all other parties.  In such event, within thirty (30) days of notifying all other Parties, the Designating Party must also provide copies of the "Confidential" information designated in accordance with this Protective Order.   After receipt of such re-designated information, the "Confidential" information shall be treated as required by this Protective Order.  The Receiving Party shall receive no liability, under this Protective Order or otherwise, for any disclosure of information contained in documents not designated Confidential or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

## V.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.    <u>Burden</u>. The burden of proving the necessity of a "Confidential" designation remains with the party asserting confidentiality.

2.    <u>Notice; Opportunity to Challenge</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by giving written notice to the party who affixed the "Confidential" designation of the specific basis for the challenge, and must confer with counsel for the Designating Party. The party who so designated the documents shall have ten (10) judicial days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the "Confidential" designation, and the status as Protected Material.

3.    <u>Treatment as Protected Material until order or withdrawal.</u>  Notwithstanding any challenge to the designation of documents as such, all material previously designated "Confidential" shall continue to be treated as Protected Material subject to the full protections of

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

this Order until one of the following occurs: (1) the Party who claims that the documents are Protected Material withdraws such designation in writing; (2) the Party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph V.2. above; or (3) the Court rules that the documents are not Protected Material and/or should no longer be designated as "Confidential."

4.      No Waiver.  Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

## VI.      ACCESS TO AND USE OF PROTECTED MATERIAL

1.      Basic Principles.  Protected Material may be disclosed only to the categories of persons and under the conditions described in the Protective Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

2.      Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

a.      The Parties to this action and the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.  Counsel of Record shall be responsible for advising all of their staff of the existence of, and their confidentiality obligations under, the Protective Order, and shall be responsible for any non-compliance with the Protective Order by members of their staff that have not signed an agreement to be bound by the Protective Order;

b.      The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit B);

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

c.      Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit B);

d.      The Court and its personnel;

e.      Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

f.      During their depositions or at trial, witnesses in the action to whom disclosure is reasonably necessary. Witnesses will not be permitted to retain copies of Protected Material unless they have signed or agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit B). Upon request of a Designating Party, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

g.      The author of the document or the original source of the information and recipients or addressees in the normal course of business.

Notwithstanding the preceding of this paragraph VI.2., a Party that has produced its, his or her own Protected Material may disclose such Protected Material to any persons, with or without any conditions placed upon such disclosure, as the Party deems appropriate.

Trial and Dispositive Motion Disclosure. For the purpose of trial and/or dispositive motions, the parties acknowledge that a "strong presumption in favor of access" exists. A party seeking to seal a judicial record at trial and/or the dispositive motions stage bearsthe burden of establishing "compelling reasons" by "articulating compelling reasons supported by specific factual findings," that outweigh the public policies favoring disclosure.[1]

3.      Disclosure of Possession of Confidential Information.    All persons described in paragraph VI. above shall not under any circumstances sell, offer for sale, advertise, or publicize either just the Confidential Information or the fact that such persons have obtained Confidential Information.

---

[1] See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## VII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" the Receiving Party must so notify the Designating Party, in writing (by fax or email if possible) immediately and in no event more than seven (7) calendar days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must within ten (10) calendar days inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order and deliver to such party a copy of this Protective Order.

## VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately and within not more than seven (7) calendar days: (a) notify in writing (using best efforts to use email or fax) the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit B).  The Receiving Party shall promptly notify the Designating Party of the results of its efforts with regards to (b), (c), and (d) herein.  After a good faith meet and confer effort to resolve and remaining disputes concerning compliance with this paragraph, and Party, Receiving Party or Designating Party may seek relief from this Court for non-compliance with this provision.  Said relief may include, but is not limited to, preclusion of the Receiving Party's use in this litigation of the Protected Material that was disclosed contrary to this Protective Order, or any other sanction deemed appropriate by the Court.

## IX.   PUBLICLY AVAILABLE OR PREVIOUSLY POSSESSED INFORMATION

The restrictions in the preceding paragraphs regarding disclosure or Protected Material do not and shall not apply to information or material that: was, is, or becomes public knowledge in a

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   manner other than by violation of the Protective Order, is acquired by the non-designating party

2   from a third-party having the right to disclose such information or material; or was lawfully

3   possessed by the non-designating party before the date of this Protective Order.  The Designating

4   Party shall act in good faith to notify the Receiving Party of any change in circumstances that

5   renders Confidential Information or Items no longer Confidential within a reasonable time period

6   after the change becomes known to the Designating Party.

7   **X.   FILING PROTECTED MATERIAL**

8       Subject to the Federal Rules of Evidence, Protected Material may be filed with the Court

9   or offered in evidence or hearing or trial of this case. This Order does not seal court records in this

10   case or apply to disclosure of Protected Material at trial. Further, the parties understand that

11   documents may be filed under seal only with the permission of the Court after proper motion.

12   Further, the fact that documents have been designated as "Confidential" shall not be admissible

13   evidence that the documents in fact contain information entitled to protection from disclosure

14   under the law.

15       With respect to non-dispositive motions and pleadings, Protected Material or information

16   derived therefrom is included with, or the contents of such a document are disclosed in, any

17   documents filed with the Clerk or this Court or any other court, the filing Party shall file said

18   document under seal.  In the event a Party seeks to file Protected Materials with the Court, those

19   documents shall be filed under seal pursuant to Rule 10-5 of the Local Rules of Practice for the

20   U.S. District Court of Nevada. The Party filing such Protected Materials may assert in the

21   accompanying motion any reasons why the Protected Materials should not, in fact, be kept under

22   seal and the Designating Party, who must be properly noticed, may likewise file a motion asserting

23   its position that the Protected Material merits protection under Rule 26(c) of the Federal Rules of

24   Civil Procedure. In such instances, absent extraordinary circumstances making prior consultation

25   impractical or inappropriate, the Party seeking to submit the Protected Material to the Court shall

26   first consult with counsel for Designating Party. This duty exists irrespective of the duty to consult

27   on the underlying motion. Unless otherwise agreed by the Parties to permit service by some other

28

1  means such as by email or facsimile, copies of any pleading, brief or other document containing

2  Protected Material that is served on opposing counsel shall be delivered in a sealed envelope

3  stamped:

4  CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

5  and shall be treated in accordance with the provisions of this Protective Order.  Subject to the

6  Court's convenience and needs, all material files in this fashion will be kept under seal by the

7  Clerk until further order from the Court.

8  **XI.    ADDITIONAL PROVISIONS**

9       1.    <u>Modification</u>.  The Parties may modify this Protective Order by written agreement,

10  subject to approval by the Court.  The Court may modify this Protective Order.

11       2.    <u>Right to Assert Other Objections</u>.  This Protective Order does not affect or waive

12  any right that any Party otherwise would have to object to disclosing or producing any information

13  or item on any ground not addressed in this Protective Order.  Similarly, this Protective Order does

14  not affect or waive any Party's right to object on any ground to use in evidence any of the material

15  covered by this Protective Order.

16       3.    <u>Privileges Not Waived</u>.  This Protective Order does not affect or waive any

17  applicable privilege or work product protection, or affect the ability of a Producing Party to seek

18  relief for an inadvertent disclosure of material protected by privilege or work product protection.

19

20       4.    <u>Third Party Protections</u>.  Any witness or other person, firm, or entity from which

21  discovery is sought may be informed of and may obtain the protection of this Protective Order by

22  written notice to the Parties' respective counsel or by oral notice at the time of any deposition or

23  similar proceeding.

24       5.    <u>Obligations to Third Parties</u>.  Nothing herein shall operate to relieve any Party or

25  non-party from any pre-existing confidentiality obligations currently owed by any Party or non-

26  party to any other Party or non-party.

27  ///

28  ///

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

6.    <u>Retention of Completed "Acknowledgment and Agreement to Be Bound" Forms</u> <u>(Exhibit B)</u>.  Completed "Acknowledgement and Agreement to Be Bound" Forms (Exhibit B) ("form") shall be maintained by the Party that obtained the completed form pursuant to this Protective Order.  The Party retaining the completed form shall produce the form to resolve any good faith challenge by a Party or Designating Party or dispute concerning whether a person who is obligated under this Protective Order to complete the form did so properly and complied with the representations in the form and this Protective Order.  If the parties are unable to resolve any such disputes or challenges through a good faith meet and confer process, the challenging Party or Designating Party may seek appropriate relief from this Court.

7.    <u>No Judicial Determination</u>.  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as Confidential by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

///
///
///
///
///
///
///
///
///
///
///
///
///

8.   <u>Public Health and Safety</u>.  Nothing in this Order is intended to prevent any Party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

IT IS SO STIPULATED this __17th__ day of February, 2015.

**LANGFORD McLETCHIE LLC**                    **MARQUIS AURBACH COFFING**

By: _/s/ Margaret A. McLetchie_                    By: _/s/ Tye Hanseen_
    Margaret A. McLetchie, Esq.                    Tye Hanseen, Esq.
    Nevada Bar No. 10931                    Nevada Bar. No. 10365
    616 S. 8th Street                    10001 Park Run Drive
    Las Vegas, Nevada 89101                    Las Vegas, Nevada 89145
    _Attorney for Plaintiff_                    _Attorney for LVMPD_

By: __see next page__
    John Norman
    5600 Green Ferry Avenue
    Las Vegas, NV 89131
    _Pro Se Defendant_

IT IS SO ORDERED this 23rd day of February, 2015.

_____
United States Magistrate Judge

## **WITH ATTACHMENTS INCLUDED**

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    ///

2    ///

3    ///

4    ///

5    ///

6        8.    <u>Public Health and Safety</u>.  Nothing in this Order is intended to prevent any Party

7    from raising with the Court any concern that the non-disclosure of certain Protected Material

8    may have a possible adverse effect upon the general public health or safety, or the administration

9    or operation of government or public office.

10        IT IS SO STIPULATED this ____ day of February, 2015.

11   **LANGFORD McLETCHIE LLC**                    **MARQUIS AURBACH COFFING**

12

13   By: _____              By: _____

14       Margaret A. McLetchie, Esq.                   Tye Hanseen, Esq.
         Nevada Bar No. 10931                          Nevada Bar. No. 10365

15       616 S. 8th Street                             10001 Park Run Drive
         Las Vegas, Nevada 89101                       Las Vegas, Nevada 89145

16       *Attorney for Plaintiff*                      *Attorney for LVMPD*

17

18   By: _____

19       John Norman
         5600 Green Ferry Avenue

20       Las Vegas, NV 89131
         *Pro Se Defendant*

21

22

23        IT IS SO ORDERED this ____ day of February, 2015.

24

25                                              _____

26                                              United States Magistrate Judge

27   **<u>**WITH ATTACHMENTS INCLUDED**</u>**

28

         Page 13 of 19

*(Left margin, vertical text:)* MARQUIS AURBACH COFFING · 10001 Park Run Drive · Las Vegas, Nevada 89145 · (702) 382-0711 FAX: (702) 382-5816

1

**<u>EXHIBIT  A</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTORIA MURNANE, MELISSA DAVIS, | Case No.:     2:13-cv-01088-MMD-PAL |
| Plaintiffs, | |
| vs. | **CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; SHERIFF DOUGLAS GILLESPIE (individually and in his official capacity as Sheriff of the Las Vegas Metropolitan Police Department); FORMER LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER JOHN NORMAN (individually). | |
| Defendants. | |

Documents produced herewith, whose Bates numbers have been listed on the attached Confidentiality Log, have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated _____, 2015.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

I am a member of the Bar of the United States District Court for the District of Nevada. My Nevada Bar number is _____.


_____                    _____
Date                                        Signature of Counsel

                                            _____
                                            Printed Name of Counsel

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# LOG OF CONFIDENTIAL DESIGNATIONS

| Date of Production | Bates Number or Other Identifier | Specific Description of Documents or Information | Authority/Basis for Designation |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**EXHIBIT B**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, have read in its entirety and understand the Protective Order that was issued by the United States District Court, for the District of Nevada on _____, 2015, in the case of *Murnane, et al. v. LVMPD, et al.*, Case No. 2:13-cv-01088-MMD-PAL. I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order that any person entity except in strict compliance with the provisions of this Order. Further, I solemnly promise that I will not offer to sell, advertise or publicize that I have obtained any Protected Material subject to this Protective Order.

Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, I will return all Protected Material which came into my possession to counsel for the party from whom I received the Protected Material, or I will destroy those materials. In the event that I choose to destroy physical objects and documents, I shall certify in writing within sixty (60) days of the final termination of this litigation that I have undertaken my best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of my knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. I understand that any Confidential Information I retain or that is contained within any summaries of Protected Material shall remain protected pursuant to the terms of this Order. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1         I further agree to submit to the jurisdiction of the United States District Court, for the

2    District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such

3    enforcement proceedings occur after termination of this action.

4         I certify under the penalty of perjury that the foregoing is true and correct.

5    Date: _____

6    City and State where signed: _____

7    Printed Name: _____

8    Address: _____

9    Signature: _____

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816