1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VICTORIA MURNANE, et al.

Plaintiffs,

v.

LAS   VEGAS   METROPOLITAN   POLICE
DEPARTMENT, et al.,

Defendants.

Case No. 2:13-cv-01088-MMD-PAL

ORDER

(Mot Reconsider – Dkt. #151)

Before the court is Plaintiff's Motion for Reconsideration (Dkt. #151) filed July 28, 2015. The court has considered the motion, Sealed Appendix of Exhibits (Dkt. #152), LVMPD's Opposition (Dkt. #166), and Plaintiffs' Reply (Dkt. #179).

Plaintiffs request reconsideration of this court's Order (Dkt. #137) granting in part and denying in part Plaintiffs' Motion to Compel (Dkt. #96). The order was entered at a hearing on several motions held on June 30, 2015. Reconsideration is requested pursuant to Fed. R. Civ. P. 54(b). Plaintiffs argue that the documents LVMPD produced in conformance with the order granting a portion of the motion to compel "reveal new evidence which gives rise to the inference either that Defendant LVMPD's previous document search was even less adequate than they previously admitted, or they actually concealed evidence from Plaintiffs." Plaintiffs therefore ask that the court reconsider its order denying the motion to compel, and compel production of all documents from 2000 to the present which refer or relate to sexual misconduct, whether harassment, abuse, or other misconduct, that an officer of Defendant LVMPD is alleged to have made against any member of the public, except for those complaints arising from individuals housed at the Clark County Detention Center.

Plaintiffs argue reconsideration is merited because of new evidence not previously disclosed by Defendant LVMPD and not previously available to the Plaintiffs.  The late production of additional documents concerning Defendant Norman and LVMPD's internal affairs investigation deprived Plaintiffs of the opportunity to conduct additional discovery concerning two other women who reported Defendant Norman engaged in a similar pattern of misbehavior.  The produced documents also reveal that there may have been other victims whose identities LVMPD has not yet revealed, although Plaintiffs acknowledge that it is possible LVMPD is not aware of the identities of other victims.  The documents also reveal there are possibly as many as three LVMPD officers who were witnesses "to Norman's sexual abuses whose identities were not previously known to Plaintiffs."

LVMPD opposes the motion pointing out that Plaintiffs are not requesting an opportunity to conduct discovery of the witnesses disclosed in the documents they describe.  Rather, Plaintiffs renew their demand that LVMPD provide all documents concerning incidents dating back to 2000 pertaining to any LVMPD officer which the court previously denied.  Plaintiffs have no interest in the discovery they assert they were precluded from conducting, but are using it as a back door to acquire unrelated information the court has denied them from obtaining.  LVMPD also argues that the motion was not timely filed within fourteen days of decision as required by Rule 72(a) and LR IB 3-1.  Rule 54(b) deals with judgments and does not apply.  The motion for reconsideration merely rehashes prior demands for relief.

Plaintiffs reply acknowledges that although Rule 72(a) and LR 3-1 provide a mechanism for the district judge to revise, amend or modify a magistrate judge's order the court has inherent authority to revise its own order.   The documents the court compelled LVMPD to produce indicate it did not adequately search for responsive documents, and Plaintiffs are not asking that the court reopen discovery, only that it revisit its order regarding Internal Affairs documents sought dating back to 2000.

## DISCUSSION

The Federal Rules of Civil Procedure do not contain a rule allowing a motion to reconsider.  However, district courts have the inherent power to revise, correct and alter

2

interlocutory orders at any time prior to entry of the final judgment. *See, e.g.*, *City of Los Angeles Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001); *Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958). Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in control and law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004) (quoting *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). The Ninth Circuit has also held that "other, highly unusual, circumstances" may warrant reconsideration. *A Canvas Inc.*, 5 F.3d at 1263.

However, motion for reconsideration should be denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Additionally, a motion for reconsideration is not an opportunity to re-litigate the same issues and arguments on which the court has already ruled. *W. Shoshone Nat. Council v. United States*, 408 F.Supp 2d 1040, 1058 (D. Nev. 2005) (citation omitted). Disagreement with the court's decision does not entitle the litigant to reconsideration. *See, e.g.*, *Backland*, 778 F.2d at 1388, *Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir. 1995).

Plaintiffs' motion for reconsideration is based on Rule 54(b) which governs judgments on multiple claims or involving multiple parties. The rule has no application here. Plaintiffs had fourteen days to file objections to the court's order deciding a pretrial discovery motion that was not dispositive of the parties' claims or defenses. Fed R. Civ. P. 72(a) & LR IB 3-1(a).

The Complaint (Dkt. #1) in this case was filed June 19, 2013. The original discovery plan and scheduling order was entered September 27, 2013, and established a January 29, 2014, discovery cutoff. The parties applied for and obtained a stay of discovery while a motion to dismiss and sever was under submission. At a hearing conducted November 5, 2013, the court granted counsel's proposed stipulation to stay, but directed them to file a proposed discovery plan and scheduling order within 14 days of decision allowing 120 days from decision to complete remaining discovery. *See* Minutes of Proceedings (Dkt. #36).

In an Order (Dkt. #37) entered March 17, 2014, the district judge granted LVMPD's Motion to Dismiss, giving Plaintiffs leave to file a second amended complaint curing the noted deficiencies. The motion to sever was denied as moot.  A second amended complaint was filed and the Defendants responded by filing a motion to dismiss the second amended complaint.  A Scheduling Order (Dkt. #43) was entered establishing a July 15, 2014 discovery cutoff with related deadlines consistent with LR 26-1(e).  The parties, once again, stipulated to stay discovery or, alternatively, to extend discovery on June 18, 2014.  *See* Stipulation (Dkt. #53).

At a hearing conducted August 7, 2014, the court extended the discovery cutoff until March 10, 2015, and indicated that absent compelling circumstances and a strong showing of good cause that discovery could not be completed within the extended time allowed, no further extensions would be granted.  The parties did not, however, complete discovery by March 15th and applied for yet another extension.  At the time Plaintiffs filed the Second Motion to Extend (Dkt. #67) the parties had not even finished the process of negotiating a stipulated protective order governing confidentiality of discovery disclosures, and no depositions had been taken.  The parties still needed to complete written discovery, resolve outstanding issues regarding the scope of discovery, and seek court intervention, if needed, take and schedule depositions.  LVMPD filed a Joinder (Dkt. #71).  The parties finally submitted a Stipulated Protective Order (Dkt. #68) on February 18, 2015, which the court approved in an Order (Dkt. #72).  The same day, the court reluctantly granted the parties' request for a further extension of the discovery cutoff and extended the discovery cutoff until May 11, 2015.  *See* Order (Dkt. #72).

Plaintiffs' Motion to Compel (Dkt. #96) was filed after the discovery cutoff.  It was set for hearing on June 30, 2015, and promptly decided with other motions, including Defendant LVMPD's Motion for a Protective Order (Dkt. #120).  At the hearing, the court chastised counsel for both sides for delaying completion of discovery until the eleventh hour.  The parties had reached an impasse concerning the documents Plaintiffs sought in the motion to compel beginning in 2000 to the present, months prior.  The parties had compromised a number of their disputes and LVMPD had produced documents from 2008 to the present involving prior incidents of sexual misconduct for incidents Internal Affairs had sustained.  Documents were

4

1    redacted and did not include the names of the victims or names of the officers involved.  The

2    court reviewed literally thousands of pages of moving and responsive papers and supporting

3    exhibits submitted with the motion to compel and motion for protective order which involved the

4    same dispute.  The court granted Plaintiffs' partial relief, but denied Plaintiffs' request for

5    documents of all reported prior incidents of complaints of sexual misconduct for the entire

6    department (excluding detention personnel) from to 2000 to the present.  LVMPD produced

7    documents regarding other such complaints dating back to 2008 in redacted form to avoid

8    motion practice.

9         The parties reached an impasse concerning the scope of appropriate discovery months

10   before the motion was filed, and a motion to compel was not filed until 10 days after the

11   expiration of the fourth discovery extension.  Plaintiffs had not been diligent in pursuing

12   discovery during the extended time allowed.  Although the court admonished counsel for

13   LVMPD for not disclosing relevant prior complaints about Defendant Norman earlier, LVMPD

14   had turned the information over to its counsel.  A paralegal and associate lawyer had both

15   reviewed the documents and failed to identify them for production until shortly before the cutoff.

16   Additionally, Plaintiffs also served supplemental disclosures on the last day of the extended

17   discovery cutoff disclosing 19 new witnesses, 35 new exhibits and a computation of damages for

18   the first time.  In short, both sides were not sufficiently diligent in meeting their disclosure and

19   discovery obligations within the extended time allowed in this case.

20        Plaintiffs now ask the court to revisit the decision denying LVMPD to produce the same

21   extremely broad category of documents dating back to 2000.  However, as counsel for LVMPD

22   correctly points out, the motion was not timely filed, and does not provide legal authority for

23   reconsideration.  More significantly, Plaintiffs' motion to reconsider is not seeking targeted

24   discovery about the alleged victims and witnesses revealed in the additional documents LVMPD

25   produced when the court granted the motion to compel.  Plaintiffs are not requesting an

26   opportunity to depose the additional two victims identified in supplemental documents, or the

27   LVMPD officers who were witnesses of other incidents involving Defendant Norman, whose

28

5

1   identities were not previously known to Plaintiffs.  Rather, Plaintiffs are seeking the same broad

2   category of documents dating back to 2000 which the court previously denied.

3          Plaintiffs had the opportunity to object to the court's order denying the request for these

4   same documents, but failed to timely do so within 14 days as required by Rule 72(a) and LR 3-1.

5   Plaintiffs have not even cited the appropriate standard for a motion to reconsider, and have not

6   met their burden establishing a basis for reconsideration.  Accordingly,

7          **IT IS ORDERED** that the Motion for Reconsideration (Dkt. #151) is **DENIED**.

8          DATED this 25th day of August, 2015.

9

10                                                    _____

11                                                    PEGGY A. LEEN
                                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28