UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VICTORIA MURNANE, et al.,

Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

Defendants.

Case No. 2:13-cv-01088-MMD-PAL

**ORDER**

(Mots. Seal – Dkt. ## 100, 107, 115, 147, 153, 163)

This matter is before the Court on Plaintiffs' Motion to Seal (Dkt. ## 100, 115, 147, 153, 163) and the Motion to Seal (Dkt. #107) by Defendant Las Vegas Metropolitan Police Department ("LVMPD"). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

## I. LEGAL STANDARDS FOR SEALING COURT RECORDS

As a general matter, there is a strong presumption of access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)). However, public access to judicial records is not absolute. *Kamakana*, 447 F.3d at 1178.

The Ninth Circuit has carved out an exception to the presumption of access for certain discovery materials where the movant makes a particularized showing of "good cause" under Rule 26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access. *See Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c) (a district court may issue a protective order "to protect a party or person from annoyance, embarrassment,

oppression, undue burden or expense"). The "less exacting 'good cause' standard" applies (1) to "private materials unearthed during discovery," as such documents are not part of the judicial record, and (2) to "previously sealed discovery" attached to non-dispositive motions. *Oliner*, 745 F.3d at 1026 (citing *Pintos*, 605 F.3d at 678). For these materials, a movant must make a particularized showing of good cause for each document that it seeks to seal by showing that "specific prejudice or harm will result." *See, e.g.*, *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test. *Foltz*, 331 F.3d at 1130 (citing *Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

The Ninth Circuit has held that the strong presumption of access to judicial records "applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179. Thus, a movant must show "compelling reasons" to seal judicial records attached to a dispositive motion. *Id*. (citing *Foltz*, 331 F.3d at 1136). In general, compelling reasons exist when court records might become a vehicle for improper purposes, "such as to gratify private spite, promote public scandal, commit libel, or release trade secrets." *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 429 (9th Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The Ninth Circuit adopted this standard for dispositive motions "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events'." *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broad. Co. v. U.S. Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

## II. DOCUMENTS DESIGNATED AS CONFIDENTIAL UNDER THE PARTIES' STIPULATED PROTECTIVE ORDER (DKT. #73)

The Ninth Circuit has explained that the cognizable public interest in judicial records "does not exist for documents produced between private litigants," *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180; *Foltz*, 331 F.3d at 1134). Such documents are typically exchanged in response to written discovery requests and are not filed with the court. *See* LR 26-8 (prohibiting the filing of written discovery and deposition transcripts). Because these

documents are not part of the judicial record, parties may stipulate to a "blanket" protective order pursuant to Rule 26(c) for all "private materials unearthed during discovery." *Oliner*, 745 F.3d at 1026 (citing *Pintos*, 605 F.3d at 678). Stipulated protective orders treat "all information produced in connection with the discovery process as confidential." *Foltz*, 331 F.3d at 1138.

However, the parties cannot reasonably rely on such protective orders to hold their discovery materials under seal forever because blanket protective orders are typically obtained without making a particularized showing of good cause for any individual document. *Id.* (citations omitted). Here, the court approved a blanket protective order solely to facilitate the parties' discovery exchanges. When a blanket protective order is entered, the parties have not shown, and the Court has not found, that any specific documents are secret or confidential. *Cf.* LR 10-5(b). Once a party challenges the contention that documents protected by a blanket protective order should be kept under seal, a district court must require a party opposing public access to make an actual showing of either "good cause" or "compelling reasons" for the relevant documents' continued protection under Rule 26(c). *Pintos*, 605 F.3d at 678–79 (noting that non-dispositive materials must meet the lower "good cause" standard and dispositive materials require a showing of "compelling reasons").

In this case, the parties have exchanged discovery materials pursuant to a Stipulated Protective Order ("Protective Order") (Dkt. #73) entered on February 23, 2015. In multiple responses to Plaintiffs' motions to seal, LVMPD asserts that it has already met the good cause standard to keep certain documents under seal because the "this Court has already issued a protective order in this case, under which the subject documents were designated confidential." *See, e.g.*, LVMPD's Resp. (Dkt. #109) at 5. This is flatly wrong. In fact, paragraph 7 of the parties' Protective Order specifically provides that it was entered based on agreements between the parties and that nothing in the Order "shall be construed or presented as a judicial determination that any specific document or item of information designated as Confidential by counsel is subject to protection under Rule 26(c)."

The Court's entry of the Protective Order did not create a presumption in favor of confidentiality. *See, e.g.*, *Foltz*, 331 F.3d at 1134 (holding that the status of confidential

discovery material is changed once it is filed with the court); *Kamakana*, 447 F.3d at 1182. Now that Plaintiffs have challenged LVMPD's designations of confidentiality and filed the disputed documents on the Court's docket, LVMPD is required to make a particularized showing of either "good cause" or "compelling reasons" for continued protection under Rule 26(c). *See Pintos*, 605 F.3d at 678–79.

Additionally, LVMPD's multiple responses assert that Plaintiffs have improperly filed their motions to seal and then asked the Court to deny the requests. This assertion is also wrong. The parties' blanket Protective Order obligated Plaintiffs to file the motions to seal in order to provide *LVMPD*, as the party asserting confidentiality, with notice and an opportunity to make a particularized showing of good cause or compelling reasons to allow any documents it designated as confidential to remain under seal. The party arguing for continued protection under Rule 26(c) unquestionably bears the burden of demonstrating good cause or compelling reasons once an opposing party challenges the confidentiality designation. *See, e.g.*, *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1355 (9th Cir. 2013); *Kamakana*, 447 F.3d at 1182 (noting that a *proponent* of sealing bears the burden of showing that the correct standard is met and a "failure to meet that burden means that the default posture of public access prevails"). Plaintiffs are not obligated to argue in favor of keeping LVMPD's discovery documents under seal.

**III. LVMPD'S DISCOVERY DOCUMENTS**

Certain documents identified in the motions to seal are addressed by the parties in more than one motion. Additionally, the parties address each document in both dispositive and non-dispositive motions. The arguments and briefing on the disputed documents are nearly identical. The Court's analysis was complicated by Plaintiffs' unexplained September 16, 2015 filing of an Amended Appendix of Exhibits (Dkt #185) in opposition to LVMPD's motion for summary judgment, which was filed under seal. The Amended Appendix replaced 5 pages of an Internal Affairs Report with 12 different pages of the same report and added 3 pages of other Internal Affairs records. It also revised the numbering of some exhibits. How Plaintiffs expect the district judge to ferret through different sets of exhibits supporting their opposition I cannot

discern. To avoid redundant analysis of the documents in dispute, the Court will consider the sealing requests related to each document by category or description rather than by each motion and exhibit number applying the compelling reasons standard as the documents have now been submitted with dispositive motion papers.

**A. LVMPD's Internal Affairs Records and Investigative Report**

Both Plaintiffs and LVMPD's moving papers address certain redacted records from LVMPD's Internal Affairs database (the "IA Records").[1] *See* Pls.' Sealed Appendix 2 (Dkt. #98) (attaching IA Records excerpts as Exhibits GG and II to Plaintiffs' Motion to Compel (Dkt. #96)); LVMPD's Sealed Exs. (Dkt. #108) (attaching IA Records excerpts as Exhibit M to LVMPD's Motion for Summary Judgment (Dkt. #105)); Pls.' Sealed Appendix 2 (Dkt. #162) (attaching IA Records excerpts as Exhibit 20 to Plaintiffs' Response (Dkt. #160) to LVMPD's Motion for Summary Judgment (Dkt. #105)); *see also* Pls.' Am. Sealed Appendix (Dkt. #185) (attaching IA Records excerpts as Exhibits 19 and 20 to Plaintiffs' Response (Dkt. #160) to LVMPD's Motion for Summary Judgment (Dkt. #105)).[2]

The IA Records are internal affairs documents and are not in the public record. According to LVMPD, the IA Records are "personnel records," *see* LVMPD's Resp. (Dkt. #109) at 6:26, and they provide summary details and findings, related incidents, and disciplinary measures for officers who engaged in sexual misconduct for the four-year period from 2008 through 2011. LVMPD Mot. (Dkt. #107) at 7. Although the public has knowledge of some of the incidents outlined in the IA Records, LVMPD states that the "majority of the incidents" are not public knowledge. *Id.* at 7:11–12. The IA Records are heavily redacted and do not contain any personal or identifying information concerning victims or names of officers.

---

[1] The IA Records are addressed in three motions to seal and the related briefing: (1) Plaintiffs' Motion (Dkt. #100), LVMPD's Response (Dkt. #109), and Plaintiffs' Reply (Dkt. #128); (2) LVMPD's Motion (Dkt. #107), Plaintiffs' Response (Dkt. #140), and LVMPD's Reply (Dkt. #145); and finally, (3) Plaintiffs' Motion (Dkt. #163), LVMPD's Response (Dkt. #167), and Plaintiffs' Reply (Dkt. #181).

[2] As indicated, on September 16, 2015, Plaintiffs filed an Amended Appendix (Dkt. #185) revising several of their exhibits from Sealed Appendix 2 (Dkt. #162) without explanation. Among the changes, Plaintiffs separated certain excerpts of the IA Records identified as Exhibits 20 in Sealed Appendix 2 (Dkt. #162) into two, Exhibits 19 and 20 of Amended Appendix (Dkt. #185).

Additionally, Plaintiffs and LVMPD's moving papers attach an Investigative Report of Complaint regarding Defendant John Norman ("Investigative Report") prepared by LVMPD's Internal Affairs.[3] *See* Pls.' Sealed Ex. 3 (Dkt. #148) (attaching Investigative Report excerpt as Exhibit 3 to Reply (Dkt. #146) in support of Plaintiffs' Motion for Summary Judgment (Dkt. #117)); Pls.' Sealed App. of Exs. (Dkt. #152) (attaching Investigative Report excerpt as Exhibit A to Plaintiffs' Motion for Reconsideration (Dkt. #151)); Pls.' Sealed Appendix 2 (Dkt. #162) (attaching pages 1–4 and 54–55 of Investigative Report as Exhibit 6 to Plaintiffs' Response (Dkt. #160) to LVMPD's Motion for Summary Judgment (Dkt. #105)); *see also* Pls.' Am. Sealed Appendix (Dkt. #185) (attaching pages 5–16 and 54–55 of Investigative Report as Exhibit 6 to Plaintiffs' Response (Dkt. #160) to LVMPD's Motion for Summary Judgment (Dkt. #105)).[4] The Investigative Report contains excerpts of LVMPD's findings made during an investigation into the misconduct allegations against Norman. *See* Pls.' Corrected Mot. (Dkt. #150).

The Investigative Report names five victims and a third-party witness. The parties agree that three of Norman's victims have named themselves publically: Rebecca Portillo and Plaintiffs Davis and Murnane. The Investigative Report is also an internal affairs document and is not in the public record, although much of the information contained in the report is now public because of the media coverage surrounding Norman's criminal charges and guilty plea.

Because the parties' arguments regarding these documents are largely the same, the Court will address the documents together. LVMPD asserts that compelling reasons exist to seal the Investigative Report as well as the IA Records, except for the document bates numbered LVMPD 06957, *see* LVMPD Mot. (Dkt. #107) at 7. LVMPD concedes these documents detail the findings, related incidents, and discipline for LVMPD officers who engaged in sexual

---

[3] The Investigative Report is addressed in three motions to seal and the related briefing: (1) Plaintiffs' Motion / Corrected Motion (Dkt. ##147, 150), LVMPD's Response (Dkt. #149), and Plaintiffs' Reply (Dkt. #150); (2) Plaintiffs' Motion (Dkt. #153), LVMPD's Response (Dkt. #165), and Plaintiffs' Reply (Dkt. #178); and finally, (3) Plaintiffs' Motion (Dkt. #163), LVMPD's Response (Dkt. #167), and Plaintiffs' Reply (Dkt. #181).

[4] On September 16, 2015, Plaintiffs filed an Amended Appendix (Dkt. #185) revising several of their exhibits from Sealed Appendix 2 (Dkt. #162) without explanation. Among the changes, Plaintiffs replaced pages 1–4 of Exhibit 6, the IA Records excerpts submitted in Sealed Appendix 2 (Dkt. #162) with pages 5–16 submitted in Amended Appendix (Dkt. #185).

misconduct for the 4-year period between 2008 and 2011. Plaintiffs assert that LVMPD has failed to meet its burden for the continued confidentiality of either the IA Records or Investigative Report.

**1. <u>Improper Use of the Documents</u>**

LVMPD asserts that the IA Records and Investigative Report should remain under seal because Plaintiffs intend to use the documents for an improper purpose. *See, e.g.*, LVMPD's Resp. (Dkt. #149) at 6. LVMPD argues that Plaintiffs "do not need the documents disclosed to the public to properly handle their case." *Id.* at 9:22–23. Thus, there is no other reason why Plaintiffs would want the documents and non-party information available to the public other than to incite public outrage and to gain leverage in this case through public disclosure. According to LVMPD, "Plaintiffs' strategy is to instigate public outrage, create a public scandal, and begin the circulation of libelous statements for the purpose of gaining leverage in the litigation." *Id.* at 6:19–21; *see also* LVMPD's Resp. (Dkt. #165) at 6. LVMPD asserts that "recommendations, evaluations and remedial measures contained within confidential police files have the great potential for misinterpretation by individuals seeking discovery," and this is a compelling reason to seal the Investigative Report. LVMPD's Resp. (Dkt. #149) at 8:3–5. LVMPD is concerned that Plaintiffs may utilize the documents to attempt to extract a settlement or to "gratify personal spite against Norman or LVMPD for the incidents." LVMPD's Resp. (Dkt. #109) at 5:27–6:2.

Plaintiffs argue that media interest, embarrassment, and potential exposure to additional litigation do not constitute a compelling reason to seal the IA Records or Investigative Report. Plaintiffs assert that the IA Records are "pertinent to the instant case—and of public interest—because they detail incidents involving sexual misconduct and abuse by Defendant Norman and other LVMPD officers." Pls.' Mot. (Dkt. #100) at 5. "This behavior is exactly the type that the public has a right to know about." Pls.' Resp. (Dkt. #140) at 9:21. According to Plaintiffs, the IA Records will be used to support their *Monell* claim, not to gratify personal spite against Norman or LVMPD. *Id.* at 9. Plaintiffs also argue the IA Records and Investigative Report should not remain confidential because much of the information is already publically available through media reports. *See, e.g.*, Pls.' Mot. (Dkt. #150) at 5; Pls.' Mot. (Dkt. #153) at 4.

Plaintiffs point out that the media interest in this case cannot be blamed on Plaintiffs or others who were sexually abused by Norman. "If the media or the news-consuming public feel that a police officer's abuse of his office, especially when used to sexually abuse members of the public, is newsworthy, it is not the Plaintiffs' fault." Pls.' Resp. (Dkt. #140) at 9:15–17. Unsealing the Investigative Report will not result in prejudice or harm because Norman pled guilty and admitted to his wrongful conduct. Plaintiffs therefore urge the Court to unseal these records because LVMPD is relying on conclusory statements to claim that an improper purpose would result if the information was not sealed.

**2. <u>Future Investigations of Misconduct</u>**

LVMPD also asserts that confidentiality is needed for the IA Records and Investigative Report because public disclosure of the documents will result in annoyance, embarrassment, or oppression to LVMPD, its employees, and third parties. *See, e.g.*, LVMPD's Resp. (Dkt. #109). LVMPD states that public "disclosure of investigations or discipline decisions could have a chilling effect on the handling of current investigations and discipline decisions." *Id.* at 5. Victims, witnesses, and other police officers would be less likely to participate in investigations or discipline proceedings if such information is subject to public disclosure. LVMPD argues that the extensive redactions do not balance the likelihood of a chilling effect because victims and witnesses will recognize the incidents once they are made public. According to LVMPD, the desire for privacy will result in victims, witnesses, and officers choosing not to cooperate in future investigations.

LVMPD also asserts that the Investigative Reports should remain under seal because police commanders must "be allowed to investigate officer conduct to determine whether any violation of department policy has occurred" and the public interest would not be served by permitting outsiders "free access to confidential administrative determinations because the standard against which the officers' conduct is measured is stricter than the standard for non-law enforcement individuals." LVMPD's Resp. (Dkt. #165) at 7. Should the Investigative Report be unsealed, LVMPD argues that complaining citizens and officers may not provide information in the future, and this would thwart complete and proper investigations in future cases. Plaintiffs,

however, argue that LVMPD presents imagined consequences, unattached to any factual demonstrations, and are not sufficient to carry its burden to file the exhibits under seal. Pls.' Reply (Dkt. #178) at 7. Plaintiffs note that any potential for embarrassment could be addressed by redacting any complainants or third party witnesses' personal information. *Id*.

The Court finds that LVMPD has not articulated specific examples of potential harm to justify sealing. A potential for misinterpretation of the Investigative Report is not a specific or compelling reason for sealing the documents. The public "has a strong interest in assessing the truthfulness of allegations of official misconduct, and whether agencies that are responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely." *Welsh v. City & Cnty. of San Francisco*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995). " 'Misconduct by individual officers, incompetent internal investigations, or questionable supervisory practices must be exposed if they exist'." *Id.* (quoting *Skibo v. City of New York*, 109 F.R.D. 58, 61 (E.D.N.Y. 1985) (ordering disclosure of files concerning complaints against police officers made to civilian complaint review board)). Courts have recognized that victims, witnesses, and other officers may be *more* likely to participate in investigations or discipline proceedings if they believe their reports of misconduct will be thoroughly and fairly investigated. *See, e.g.*, *Kelly v. City of San Jose*, 114 F.R.D. 653, 664–66 (N.D. Cal. 1987) (noting that officers are more likely to be forthcoming in an investigation if they know the public will gain access to the documents).

LVMPD argues that *Kelly* is inapplicable because it involves a protective order issued to prevent disclosure of sensitive police files to a requesting party. LVMPD Reply (Dkt. #145) at 3–4. Although the *Kelly* court ordered disclosure of the documents, LVMPD points out that the court did so while imposing a protective order under which only lawyers and their consultants and staffs were allowed to view the material. *Kelly*, 114 F.R.D. at 671. Thus, LVMPD argues that *Kelly* only supports disclosure to Plaintiffs, not the public, and Plaintiffs is confusing the legal standards. LVMPD Reply (Dkt. #145) at 3–4. LVMPD is correct that *Kelly* only addressed disclosure to an opposing party under a protective order issued under Rule 26(c). It did not decide whether the documents were protected from public disclosure once attached to dispositive motions. However, in *Kamakana*, the Ninth Circuit unequivocally held that a

showing of good cause for a protective order under Rule 26(c) is not sufficient to justify continued confidentiality once the documents are attached to a dispositive motion. 447 F.3d at 1180 (finding that a good cause showing is insufficient to satisfy the compelling reasons standard that a party must meet to rebut the presumption of public access to dispositive pleadings and attachments). The *Kelly* court's analysis of the competing interests is extremely helpful in deciding the parties' disputes in this case. *Kelly* articulated the public's substantial interest in having access to documents that law enforcement agencies routinely deem confidential, including "citizen complaints against defendant officers and the internal affairs investigative files generated by those complaints." 114 F.R.D. at 671.

LVMPD's arguments do not point to any specific facts, supported by affidavits or concrete examples, to show any specific confidential information should remain under seal. The mere fact that public availability of records may lead to "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (affirming district court's decision not to seal police records that might, among other things, cast officers in a false light); *see also Oliner*, 745 F.3d at 1026 (finding that embarrassment, annoyance, or undue burden were not compelling reasons to seal records when proceedings had been a matter of public record for years).

The documents in dispute in these motions do not involve outlandish, unsupported bald allegations for which public disclosure of the nature of the incidents may have the potential for tarnishing the reputation of innocent officers. Although Plaintiffs' discovery requests in this case sought much broader discovery of prior complaints of sexual misconduct made against LVMPD officers, LVMPD only produced records and documents involving incidents that were *sustained* by Internal Affairs. Additionally, the names of the victims, accused officers, and witnesses in the IA Records have all been redacted. Thus, while all those involved may recognize the description of the reported incidents disclosed in the documents attached to the moving and responsive dispositive motions, their identities will be protected from public disclosure.

A significant factor weighing in favor of public disclosure is the fact that individual Defendant Norman has pled guilty to criminal charges stemming from incidents LVMPD

investigated and sustained. Both sides agree that media coverage of this matter has been extensive and a good deal of the information contained in the IA Records and Investigative Report is already public. This factor also weighs against sealing the heavily redacted records.

LVMPD's Motion for Summary Judgment (Dkt. #105) does not dispute Norman's liability. Rather, it argues that the undisputed facts developed in discovery in this case have not established any evidence that would make LVMPD liable for Norman's misconduct. Specifically, LVMPD argues in its motion for summary judgment that it cannot be liable under a *Monell* theory because Plaintiffs have not uncovered any evidence that LVMPD acted with deliberate indifference towards the constitutional rights of the Plaintiffs or others who complained of sexual misconduct by Norman or other LVMPD officers. The motion for summary judgement argues discovery has revealed that LVMPD has exemplary written policies, exceeds POST training standards, and has an internal investigation process that investigates complaints and disciplines officers found to have engaged in sexual misconduct. The public's interest in evaluating whether LVMPD thoroughly and fairly investigated complaints like those at issue and took appropriate action is strong. The public's interest in understanding the judicial process and the rationale and analysis involved in deciding whether LVMPD may be held liable for Norman's admitted sexual misconduct is equally strong.

In short, the Court finds LVMPD has not met its burden of establishing compelling reasons to seal the heavily redacted disputed documents concerning sustained complaints of sexual misconduct.

**3. <u>Privacy Interests of Victims, Witnesses, and Officers</u>**

The Ninth Circuit has made it clear that the sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public. *See, e.g.*, *Foltz*, 331 F.3d at 1137–38 (finding that medical and personnel records could be easily redacted to protect privacy interests while leaving other meaningful information).

In addition to its other arguments, LVMPD cites privacy concerns for non-party victims and witnesses and the risk of dissuading future witnesses and police whistleblowers from coming forward as compelling reasons to seal the IA Records. Plaintiffs argue that privacy concerns are

greatly exaggerated because the heavily redacted documents actually contain no confidential information, despite LVMPD's confidential designations. After examining the IA Records, the Court finds that they contain short summaries of incidents where LVMPD's Internal Affairs sustained allegations of sexual misconduct by its officers. The documents do not contain any personal identifying information or even the disciplinary consequences of the sustained allegations. Weighing the public interest involved against the individual privacy interests, the Court finds the redactions sufficiently protect the privacy interests of all involved.

LVMPD also asserts that privacy concerns are compelling reasons to keep the Investigative Report under seal. For example, LVMPD argues that the Investigative Report contains general information of non-party complainants and witnesses "who may not want to be discovered or connected to the incidents and who have provided information with the belief that they would not be placed in the public spot light." LVMPD's Resp. (Dkt. #149) at 7. LVMPD also theorizes that Ms. Portillo may have stopped participating in her civil suit because "she wanted privacy and had experienced enough of her life being exposed to the public." *Id*. at 7:3. If the Investigative Report is unsealed, LVMPD argues that complaining citizens and officers may not provide information based upon their privacy concerns, and this would thwart complete and proper investigations in future cases. LVMPD Resp. (Dkt. #167) at 6.

Plaintiffs respond that a large part of the information in the Investigative Report involving Norman is already publically available as a result of his guilty plea to charges of Oppression under Color of Law and Open or Gross Lewdness, as well as admissions made in open court. Pls.' Mot. (Dkt. #163) at 5. Plaintiffs also note that exhibits consisting of excerpts of voluntary statements given by two other women who came forward following the media attention surrounding Norman's arrest only provide the women's names, not contact information. Pls.' Mot. (Dkt. #153) at 4–5.

In sum, LVMPD's arguments for sealing the IA Records or the Investigative Report fail to demonstrate compelling circumstances that outweigh the public's right to know or show that specific prejudice or harm will result from public disclosure of the evidence the district judge will rely upon in determining whether LVMPD is entitled to summary judgment as a matter of

law. LVMPD did not provide any specific facts, supported by affidavits or concrete examples, to meet their burden to show compelling reasons sufficient to overcome the presumption of public access. Accordingly, the Court will unseal the IA Records and the Investigative Report.

**B. Deposition Transcripts of Kelly Sweeney and Sgt. Jon Gentile**

Both Plaintiffs and LVMPD's moving papers address deposition transcripts of LVMPD employees Sgt. Jon Gentile and Kelly Sweeny[5] (the "deposition excerpts").[6] *See* Pls.' Sealed Appendix 2 (Dkt. #98) (attaching an excerpt of the deposition testimony of Kelly Sweeney as Exhibit HH to Plaintiffs' Motion to Compel (Dkt. #96)); Sealed Appendix 2 (Dkt. #162) (attaching excerpts of the deposition testimony of Sgt. Jon Gentile as Exhibit 13 and Kelly Sweeny as Exhibit 14 to Plaintiffs' Response (Dkt. #160) to LVMPD's Motion for Summary Judgment (Dkt. #105)). LVMPD does not oppose unsealing these transcripts. The Court will therefore unseal the deposition excerpts.

## IV. PLAINTIFFS' MEDICAL AND TAX RECORDS

Both Plaintiffs and LVMPD's moving papers address medical and tax records for Plaintiffs (the "Plaintiffs' Records").[7] *See* LVMPD's Sealed Exs. (Dkt. #108) (attaching Letter regarding Plaintiff Davis as Exhibit N and Medical Record of Plaintiff Murnane as Exhibit O to LVMPD's Motion for Summary Judgment (Dkt. #105)); Sealed Exs. (Dkt. #116) (attaching Medical Record of Plaintiff Murnane as Exhibit 14 and Tax Record of Plaintiff Murnane as Exhibit 20 to Plaintiff's Opposition (Dkt. #113) to LVMPD's Motion to Strike (Dkt. #94)).

Plaintiffs' Records consist of a medical record and tax information for Plaintiff Murnane and a medical record for Plaintiff Davis. Plaintiffs assert that the Plaintiffs' Records should be sealed because they identify personal financial or medical information. LVMPD does not oppose

---

[5] Ms. Sweeney was LVMPD's designated witness pursuant to Rule 30(b)(6).

[6] The Deposition Excerpts are addressed in two motions to seal and the related briefing: (1) Plaintiffs' Motion (Dkt. #100), LVMPD's Response (Dkt. #109), and Plaintiffs' Reply (Dkt. #128); and (2) Plaintiffs' Motion (Dkt. #163), LVMPD's Response (Dkt. #167), and Plaintiffs' Reply (Dkt. #181).

[7] The Plaintiffs' Records are addressed in two motions to seal and the related briefing: (1) LVMPD's Motion (Dkt. #107), Plaintiffs' Response (Dkt. #140), and LVMPD's Reply (Dkt. #145); and (2) Plaintiffs' Motion (Dkt. #115). The Court notes that Plaintiffs' Motion (Dkt. #115) erroneously identifies these as Exhibits 3 and 9; however, the sealed submission demonstrates that the documents are, in fact, Exhibits 14 and 20.

Plaintiffs' request. Plaintiffs have only asserted garden variety emotional distress claims. As such, the need to protect medical and financial privacy is a compelling reason for sealing Plaintiffs' Records. Accordingly, these exhibits shall remain under seal.

### V. VOLUNTARY STATEMENTS OF DEFENDANT NORMAN AND TWO NON-PARTY VICTIMS – PLAINTIFFS' MOTION TO SEAL (DKT. #153)

Plaintiffs' Motion to Seal (Dkt. #153) includes the following exhibits to their Motion for Reconsideration (Dkt. #151):

- Exhibit B: the Voluntary Statement of Defendant Norman;
- Exhibit C: the Voluntary Statement of Michelle Linssen; and
- Exhibit D: the Voluntary Statement of Rachel Alexander.[8]

*See* Pls.' Sealed Appendix of Exs. (Dkt. #152); *see also* LVMPD's Resp. (Dkt. #165), and Pls.' Reply (Dkt. #178). The good cause standard applies to these voluntary statements as the documents were submitted in response to a non-dispositive motion.

The voluntary statements contain incident details and non-party complainant names and information about their employment. LVMPD argues that the voluntary statements should be sealed because the women who gave them may not want to be associated with this case. LVMPD asserts that the women "may have provided information with the belief that they would not be placed in the public spot light." LVMPD's Resp. (Dkt. #165) at 6. Plaintiffs argue that the voluntary statements should not remain under seal because public access to the documents will not result in prejudice or harm. Pls.' Mot. (Dkt. #153) at 5–6.

Once again, LVMPD's arguments are unsupported and speculative. LVMPD does not assert that either of the women were assured their statements would be kept confidential or that they only provided statements after assurances of confidentiality were made. Additionally, Plaintiffs represent, and LVMPD does not dispute, that the two women who gave statements were aware of the media attention regarding Norman's case at the time they provided their statements. The Court does not find good cause to redact or seal the voluntary statements.

[8] Exhibits B, C, and D will be jointly referred to as the "voluntary statements."

## VI. NORMAN'S INTERVIEW WITH INTERNAL AFFAIRS AND EMPLOYMENT RECORDS – PLAINTIFFS' MOTION TO SEAL (DKT. #163)

Plaintiffs' Motion (Dkt. #163) addresses several more exhibits attached to Plaintiffs' Response (Dkt. #160) to LVMPD's Motion for Summary Judgment (Dkt. #105). These include:

- Exhibit 16: an excerpt of Norman's Internal Affairs interview, which contains information regarding the Murnane incident and Norman's reporting of the traffic stop.
- Exhibit 17: a Contact Report, which LVMPD states is a form of discipline, related to Norman's academy training.
- Exhibits 18 and 19: excerpts of Defendant Norman's performance reviews.[9]

*See* Pls.' Sealed Appendix 2 (Dkt. #162); Pls.' Am. Sealed Appendix (Dkt. #185) (combining the excerpts of Norman's performance reviews, Exhibits 18 and 19, into a consolidated Exhibit 18). The compelling reasons standard applies to these documents as the documents were submitted in response to a dispositive motion. The Court has considered Plaintiffs' Motion (Dkt. #163), LVMPD's Response (Dkt. #167), and Plaintiffs' Reply (Dkt. #181).

LVMPD argues that sealing is appropriate for Exhibits 16–19 since very little of the information contained in these exhibits is public. LVMPD's Response (Dkt. #167) at 6. LVMPD applies the same reasoning for these exhibits as the preceding Internal Affairs documents. It claims that public disclosure of these exhibits (1) could have a chilling effect on other investigations and discipline decisions, (2) could cause LVMPD officers and those considering employment with LVMPD to seek other employment, (3) may also result in "LVMPD being less inclined to self-evaluate or investigate certain information," and (4) may be used in a public forum to gratify personal spite and attempt to force a settlement. *Id.* at 7–8. Plaintiffs maintain that LVMPD has not met its heavy burden that compelling reasons justify sealing these exhibits. Plaintiffs cited these exhibits in their opposition to LVMPD's Motion for

---

[9] On September 16, 2015, Plaintiffs filed an Amended Appendix (Dkt. #185) revising several of their exhibits without explanation. Among the changes, Plaintiffs combined the excerpts of Defendant Norman's performance reviews identified as Exhibits 18 and 19 in Sealed Appendix 2 (Dkt. #162) into a consolidated Exhibit 18 in Amended Appendix (Dkt. #185).

Summary Judgment (Dkt. #105) to support their arguments that LVMPD had enough information about issues with Norman to make it legally responsible for his misconduct.

LVMPD has not shown what specific harm or prejudice it expects will result from disclosure of Exhibits 16–19. LVMPD's papers describe a potential "parade of horrors" but do not provide any specific facts, supported by affidavits or concrete examples, to meet their burden. Accordingly, Exhibits 16–19 will be unsealed.

**VII. LVMPD'S INVESTIGATION AND ARREST DOCUMENTS – MOTION TO SEAL (DKT. #107)**

Lastly, LVMPD's Motion to Seal (Dkt. #107) addresses Exhibits C–G attached to its Motion for Summary Judgment (Dkt. #105). *See* LVMPD's Sealed Exs. (Dkt. #108). The documents at issue are:

- Exhibit C: Relief of Duty Notice;
- Exhibit D: Declaration of Warrant;
- Exhibit E: Arrest Warrant;
- Exhibit F: Declaration of Arrest; and
- Exhibit G: LVMPD Adjudication of Complaint.

LVMPD categorizes Exhibits C–G as investigation and arrest documents regarding Defendant Norman. The compelling reasons standard applies to these documents as the documents are submitted in response to a dispositive motion. The Court has considered the Motion, Plaintiffs' Response (Dkt. #140), and LVMPD's Reply (Dkt. #145).

Although LVMPD generally asserts that these documents could promote public scandal, it acknowledges that the majority of the information in these exhibits has been made public or is already in the public record. According to LVMPD, one exhibit presents compelling reasons for sealing: the Declaration of Warrant (Ex. D), which recounts some of the facts developed during the investigation of Norman. LVMPD states that it designated this document as confidential to protect the privacy of non-parties who may not want information revealed to the public and would not have an opportunity to be heard. However, LVMPD does not assert that it made assurances of confidentiality to the non-parties.

In their Response (Dkt. #140), Plaintiffs argue that sealing is not appropriate because the majority of this information is already publically known due to the extensive media coverage of this case. Plaintiffs note that the non-party named in the Declaration, Ms. Portillo, has already publicly named herself as one of Norman's victims and participated in his sentencing by providing a victim impact statement. *See id.*, Ex. 1. Thus, her identity is already within the public domain, and witnesses understand that they could be publically identified and required to testify. According to Plaintiffs, LVMPD is more likely concerned with the public ridicule and scorn resulting from one of its officers sexually assaulting members of the public than it is with the privacy rights of non-parties. Additionally, Plaintiffs argue that LVMPD's assertion regarding public scandal is "moot" because the sexual assaults committed by Norman have already inflamed public passions. *Id.* at 6. Potential for further embarrassment to LVMPD does not meet the compelling reasons standard to overcome the strong presumption of public access:

> The public must have access to this information to hold its elected officials and police officers accountable. This is the purpose of a *Monell* claim—the public must be made aware of failings of government agents so that they may hold them accountable. The fact that Defendant LVMPD or Defendant Norman is embarrassed by disclosure does not justify sealing these records.

*Id*. at 6:28–7:4. Because the majority of the information is already in the public domain, Plaintiffs urge the Court not to seal the Declaration.

The information contained in the Declaration of Warrant was used to apply to a state court judge for a warrant or summons for Norman's arrest on charges to which he ultimately plead guilty. His state court proceedings were publicly filed and held in open court. Ms. Portillo provided a victim impact statement at Norman's sentencing and also filed her own lawsuit against Norman and LVMPD in this court.[10] LVMPD hypothesizes that Portillo may have withdrawn her lawsuit because she did not want to be in the public spotlight. However, Portillo's lawsuit was ultimately dismissed because she failed to comply with multiple court orders to participate in discovery and prosecute her case despite being warned that dismissal would be recommended if she continued to disobey the court's orders and failed to participate in discovery.

[10] *See generally Portillo v. v. Las Vegas Metropolitan Police Department et al,* Case No. 13-cv-1109-JAD-PAL.

The fact that Norman's misconduct was and is scandalous is no justification for sealing the evidence of his misconduct. LVMPD's speculative and conclusory statements regarding potential harm and public scandal fall short of overcoming the strong presumption in favor of disclosure.

**VIII.  FILING EXHIBITS WITH CM/ECF**

The Court's review of these motions, and the resulting order and instructions to the parties, was complicated by the parties' failure to properly file their exhibits through CM/ECF. Litigants should not combine their motion, declaration, and exhibits into one PDF document and then file that single PDF as the "main document" in CM/ECF's document upload screen when portions of the documents may be sealed. This makes it impossible for the clerk's office to unseal documents the court finds should not be sealed. Instead, litigants should save *each* exhibit and/or declarations as a separate PDF and then file each exhibit in CM/ECF's document upload screen as "attachments" to main document (*i.e.* the motion). The shortcut of filing only one PDF inevitably causes problems with exhibits because the Clerk of the Court cannot separate the exhibits for sealing purposes.

In this case, although the parties did separate their exhibits into unsealed and sealed appendixes, the sealed exhibits were still filed as one PDF rather than attaching each exhibit as a separate PDF to the corresponding motion to seal. Because the Court has granted leave to file under seal for some but not all exhibits, the Court must now order Plaintiffs to refile certain unsealed documents, rather than simply instructing the Clerk of the Court to seal or unseal specific exhibits. To streamline the process of sealing or unsealing documents as may be necessary, the parties are instructed to file their exhibits in CM/ECF as separate attachments from the main document in all future filings. For additional direction, the parties may refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the Court's website, or contact the CM/ECF Helpdesk at (702) 464-5555.

For the reasons explained,

/ / /

/ / /

**IT IS ORDERED** that:

1. Plaintiffs' Motion to Seal (Dkt. #100) is **DENIED**. The Clerk of the Court is directed to UNSEAL Plaintiffs' Sealed Appendix 2 (Dkt. #98).
2. LVMPD's Motion to Seal (Dkt. #107) is **GRANTED IN PART and DENIED IN PART**. The parties are instructed as follows:
    a. LVMPD's Exhibits N and O, submitted in Sealed Exs. (Dkt. #108), shall remain under seal.
    b. Plaintiffs shall file unsealed, unredacted versions of Exhibits C, D, E, F, G, and M. Plaintiffs shall also link these new filings in CM/ECF to LVMPD's Sealed Exhibits (Dkt. #108) and Motion for Summary Judgment (Dkt. #105).
3. Plaintiffs' Motions to Seal (Dkt. #115) is **GRANTED**. Plaintiffs' Exhibits 14 and 20, submitted in Sealed Exhibits (Dkt. #116), shall remain under seal.
4. Plaintiffs' Motion to Seal (Dkt. # 147) is **DENIED**. The Clerk of the Court is directed to UNSEAL Plaintiffs' Sealed Exhibit 3 (Dkt. #148).
5. Plaintiffs' Motion to Seal (Dkt. # 153) is **DENIED**. The Clerk of the Court is directed to UNSEAL Plaintiffs' Sealed Appendix of Exhibits (Dkt. #152).
6. Plaintiffs' Motion to Seal (Dkt. # 163) is **DENIED**. The Clerk of the Court is directed to UNSEAL Plaintiffs' Sealed Appendix 2 (Dkt. #162) and Amended Sealed Appendix (Dkt. #185).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

7. In any future filings and submissions to the Court, the parties are instructed to file their exhibits in CM/ECF as separate attachments from the main document, which will streamline the process of sealing or unsealing documents as may be necessary. For specific directions, the parties may refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the Court's website, or contact the CM/ECF Helpdesk at (702) 464-5555.

DATED this 23rd day of September, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE