UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTORIA MURNANE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 2:13-cv-01088-MMD-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – ECF No. 204) |

Before the court is Plaintiffs' Motion to Seal (ECF No. 204). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The Motion seeks leave to file under seal a portion of Sgt. Jon Gentile's deposition transcript. *See* Sealed Exhibit (ECF No. 203). Defendant Las Vegas Metropolitan Police Department ("LVMPD") did not file a response to the Motion and the deadline to do so has now passed.

**BACKGROUND**

Plaintiffs filed the deposition transcript excerpt under seal because a portion of the transcript was designated as confidential pursuant to the parties' stipulated protective order. *See* Mot. to Seal (ECF No. 204) at 4. Plaintiffs assert that good cause exists to permit filing the excerpt under seal because it contains confidential information about Defendant Norman's prior employment with LVMPD. With regard to a different portion of Gentile's deposition transcript, LVMPD previously informed the court that it had no opposition to unsealing the document. *See* Sept. 24, 2015 Order (ECF No. 188) at 13; *compare* Sealed Appendix 2 (ECF No. 162) (attaching pages 1–4, 19–21, 26, 28–30, 38–40, 53–55 of Gentile's deposition transcript as exhibit to Plaintiffs' Response (ECF No. 160) to LVMPD's Motion for Summary Judgment (ECF No. 105)) *with* Sealed Exhibit (ECF No. 203) (attaching pages 1–3, 37, 40–44, 60 of Gentile's deposition

1

transcript as exhibit to Plaintiffs' Reply (ECF No. 202)).  Plaintiffs submitted the new portion of the transcript in support of their Motion to Alter or Amend Judgment (ECF No. 196), which asked the district judge to reevaluate the authenticity of Defendant Norman's performance reviews submitted as Exhibit 18 to Plaintiffs' Opposition to LVMPD's Motion for Summary Judgment. *See* Mar. 31, 2016 Order (ECF No. 192) at 14.  This court previously evaluated whether there were compelling reasons to seal the performance reviews in its September 24, 2015 Order (ECF No. 188), and held that LVMPD had not shown what specific harm or prejudice would result from disclosure.  Because LVMPD had not met its burden to file under seal, the court directed the clerk's office to unseal the performance reviews and Gentile's deposition transcript.

## DISCUSSION

As a general matter, there is a strong presumption of access to judicial records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons'."  *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)).  Compelling reasons generally exist when court records might become a vehicle for improper purposes, "such as to gratify private spite, promote public scandal, commit libel, or release trade secrets."  *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 429 (9th Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Oliner*, 745 F.3d at 1026 (embarrassment, annoyance, or undue burden are not compelling reasons to seal the entire court record).

The Ninth Circuit has held that the strong presumption of access to judicial records "applies fully" to dispositive motions such as motions for summary judgment and related attachments, which may decide the substantive merits of a case without a trial.  *Kamakana*, 447 F.3d at 1179.  This principle of access was adopted for dispositive motions because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events."  *Id.* (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).  However, the court must also look past the literal dispositive or non-dispositive label for all motions to determine whether

the "compelling reasons" standard applies. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (finding that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive' "). Courts must examine "whether the motion at issue is more than tangentially related to the underlying cause of action." *Id*. *See also, e.g.*, *Oliner*, 745 F.3d at 1026; *Pintos*, 605 F.3d at 678; *Kamakana*, 447 F.3d at 1179; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134–36 (9th Cir. 2003). When a motion that is more than tangentially related to the merits of a case, a movant must show "compelling reasons" to seal any judicial records attached thereto. *Center for Auto Safety*, 809 F.3d at 1101 (finding that compelling reasons standard applied to request to seal documents attached to motion for preliminary injunction, which was technically non-dispositive).

Under *Kamakana* and its progeny, the parties must show compelling reasons to file Gentile's deposition excerpt under seal. Plaintiffs' motion to alter or amend the judgment essentially asked the district judge to reconsider the unfavorable ruling on the summary judgment motions. Thus, the underlying motion was more than tangentially related to the case and the higher standard applies to the current Motion.

Plaintiffs have not shown compelling reasons for the deposition transcript to remain under seal and LVMPD failed to respond to the Motion. The court's entry of the protective order did not create a presumption in favor of confidentiality. *See, e.g.*, *Foltz*, 331 F.3d at 1134; *Kamakana*, 447 F.3d at 1182. The court has reviewed the excerpt and finds that it does not contain sensitive law enforcement information that might become a vehicle for improper purposes.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Seal (ECF No. 204) is **DENIED**.
2. The Clerk of the Court shall UNSEAL the Sealed Exhibit (ECF No. 203) to make it available on the public docket.

DATED this 8th day of February, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE